UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALFRED RICARD, III**                                                                                          **CIVIL ACTION**
**(DOC# 498517)**

**VERSUS**

**BURL CAIN, ET AL**                                                                                          **NO. 08-161-C-M2**

## <u>ORDER</u>

This matter is before the Court on the Motion to Stay Application for Writ of Habeas Corpus (R. Doc. 10) filed by petitioner, Alfred Ricard, III ("Ricard"). Through this motion, Ricard seeks to have his present habeas proceedings stayed during the pendency of a post-conviction relief application that he intends to file in state court. He contends that, because the two (2) year period within which to file an application for post-conviction relief in state court runs longer than the one (1) year period within which to file a petition for writ of habeas corpus in this Court, he filed his habeas petition prior to filing his state post-conviction relief application, and he requests that this matter be held in abeyance until his post-conviction proceedings are complete.

While the U.S. Supreme Court has held that district courts have discretion to stay "mixed habeas petitions" (*i.e.*, those containing both exhausted and unexhausted claims) in order to allow a petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of the perfected habeas petition,[1] such

---

[1] *See, Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)(holding that a district court should stay, rather than dismiss, a mixed habeas petition containing both exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. If a stay relating to a mixed petition is granted, it should not

circumstances do not exist in the present case. All of the claims Ricard submits in his habeas petition were fairly presented to and ruled upon by the state district court, the Louisiana First Circuit Court of Appeals, and the Louisiana Supreme Court during his direct appeal proceedings. Accordingly, his claims have been fully exhausted,[2] and he has not filed a "mixed habeas petition" with this Court.[3] The U.S. Supreme Court's reasoning behind allowing a stay to permit the petitioner to present his unexhausted claims to the state court "in the first instance" therefore does not apply herein,[4] and Ricard's present motion to stay should therefore be denied.

---

be indefinite, but rather, should place reasonable time limits upon a petitioner's trip to state court and back).

[2] Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust state court remedies regarding his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, *either* on direct review *or* on post-conviction attack. [Emphasis added.] *Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

[3] Ricard concedes on page 4 of his habeas petition that he has "exhausted all of his direct appeal claims in the State's highest court" and is "properly before this federal court, seeking issuance of the 'Great Writ of Habeas Corpus'."

[4] If a petitioner wants to submit additional claims to those presented on direct appeal through a post-conviction relief application, in order to ensure that those claims ultimately receive federal habeas review, the petitioner must either file his post-conviction relief application containing the additional claims within the one (1) year time period allowed by AEDPA so that such time period is tolled and then file a habeas petition containing those additional claims when the post-conviction proceedings are concluded but still within the one (1) year AEDPA time period, OR the petitioner can timely file a habeas petition within the one (1) year AEDPA time period, containing both the exhausted claims asserted on direct appeal as well as the unexhausted claims that he seeks to have reviewed through a post-conviction relief application. If the petitioner elects to use the latter alternative, he could file a motion to stay his "mixed habeas petition," and the district court, in its discretion, would be permitted to stay the habeas proceeding for a reasonable time to allow the petitioner to pursue the unexhausted claims in state court through an application for post-conviction relief.

Accordingly;

**IT IS ORDERED** that the Motion to Stay Application for Writ of Habeas Corpus (R. Doc. 10) filed by petitioner, Alfred Ricard, III, is hereby **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, October 2, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**