**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALFRED RICARD**                                                                  CIVIL ACTION

**VERSUS**

**BURL CAIN, ET AL.**                                                              NO. 08-0161-RET-CN

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, December 10, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALFRED RICARD**                                                                                        **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                                                                    **NO. 08-0161-RET-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Court's reconsideration, <u>sua sponte</u>, of its prior denial of the petitioner's Motion to Stay, pursuant to which the petitioner sought to have this Court stay his federal habeas corpus proceeding so that he could exhaust state court remedies.  In order to determine the appropriateness of the remedy sought, the Court ordered the petitioner to provide information relative to the status of ongoing proceedings in state court.  The petitioner has now responded to the Court's Order.  <u>See</u> rec.doc.nos. 12 and 13.

### PROCEDURAL BACKGROUND

On or about July 19, 2004, the petitioner was indicted in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, on a charge of second degree murder, a violation of La. R.S. 14:30.1.  The petitioner entered a plea of not guilty and then filed a Motion for Random Allotment, which motion was argued before the trial court and denied on May 2, 2005.  The petitioner then applied for review of this decision in the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court, which applications were denied on May 26 and May 31, 2005, respectively.  <u>See</u> <u>State v. Ricard</u>, 903 So.2d 438 (La. 2005).

Voir dire was conducted on June 1 and 2, 2005, but prior to a jury

being selected, the petitioner formally waived his right to a trial by jury and elected to proceed before the district judge.  On June 13, 2005, a bench trial commenced, and the petitioner was ultimately found guilty of second degree murder.  Following the bench trial, the petitioner moved for a new trial or, alternatively, for a post-verdict judgment of acquittal, both of which were denied by the trial judge.  On June 24, 2005, the petitioner was sentenced to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence.

The petitioner appealed his conviction and sentence to the Louisiana Court of Appeal for the First Circuit, which affirmed same on June 21, 2006.  State v. Ricard, 933 So.2d 256 (La. App. 1st Cir. 2006).  The petitioner then applied for a writ of review before the Louisiana Supreme Court, and this application was denied on March 9, 2007.  State v. Ricard, 949 So.2d 438 (La. 2007).

On or about March 17, 2008, the petitioner filed the instant habeas corpus application, asserting the same claims as were asserted before both the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court on direct appeal.  These issues are as follows:

1. Whether the random allotment of judges in the 18th Judicial District Court is unconstitutional.

2. Whether the petitioner's trial counsel was ineffective in the following respects:

    (a) By allowing and/or coercing him to waive his right to a trial by jury;

    (b) By failing to introduce a video tape and/or medical evidence relative to the petitioner's physical condition on the day after the incident;

    (c) By failing to object to the testimony of Detective Blair Favaron, who improperly offered "expert" testimony relative to the plaintiff's physical condition;

      (d)    By failing to object to alleged leading questions asked of Ervin Breaux on redirect examination;

      (e)    By failing to object to the testimony of Dr. James Traylor, which testimony allegedly exceeded the scope of his expertise as a forensic pathologist;

      (f)    By failing to object to alleged improper "expert" testimony offered by Scott Roe, co-owner of Spillway Sportsman;

      (g)    By failing to make certain other objections relative to hearsay evidence, asked-and-answered questions, leading questions and questions outside the scope of redirect examination; and

      (h)    By failing to offer evidence of the petitioner's character.

    3.    Whether the State proved beyond a reasonable doubt that the petitioner committed the offense of second degree murder.

Before seeking a federal writ of habeas corpus, a state prisoner must first exhaust his available state court remedies, thereby giving the state courts an opportunity to pass upon and correct the alleged violations of his rights. 28 U.S.C. § 2254(b)(1). To provide the state courts with that necessary opportunity, the prisoner must fairly present all of his claims in each appropriate state court, including the state supreme court with the power of discretionary review. Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). A petition containing unexhausted claims must ordinarily be dismissed, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), but under limited circumstances, a petition may be stayed so that the petitioner can return to state court to exhaust state remedies. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). As stated in Rhines, however:

    [S]tay and abeyance should be available only in limited

>circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Rhines, 544 U.S. at 277, 125 S.Ct. at 1535. A federal court is allowed to raise sua sponte the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998). See also Tigner v. Cockrell, 264 F.3d 521 (5th Cir. 2001), cert. denied, 534 U.S. 1164, 122 S.Ct. 1177, 152 L.Ed.2d 120 (2002); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997).

It is apparent from the petitioner's federal application in this Court that not all of his claims are exhausted. Specifically, the Court finds that the petitioner's claims that his counsel was deficient for (1) coercing him or allowing him to waive his right to a jury trial, (2) failing to show a video or introduce evidence depicting the petitioner's injuries and physical condition following the shooting, and (3) failing to object to the alleged "expert" testimony of Scott Roe regarding the "trigger pull" of the petitioner's weapon, were not fairly presented for review before the state appellate courts. In this regard, the record reflects that the petitioner asserted these issues on direct appeal, but the intermediate appellate court explicitly declined to address same, finding instead that these issues were more appropriately addressed in an application for post-conviction relief and were, therefore, "not subject to appellate review", because these issues related to matters of "investigation, preparation, and strategy ... [w]hich require an evidentiary hearing and cannot possibly be reviewed on appeal". Accordingly, it appears clear that consideration of these issues was deferred by the court to post-conviction review and that, as a result, the petitioner did not exhaust his state court remedies relative to these claims by presenting them for substantive review before the courts of the

State of Louisiana.

Having concluded that the petitioner's application presents both exhausted and unexhausted claims, his application is subject to dismissal unless the Court determines that a stay is appropriate. Rose v. Lundy, supra. Upon a review of the record and the pertinent pleadings, the Court determines that a stay is not appropriate. Specifically, the Court finds that the petitioner is unable to show good cause for his failure to exhaust state court remedies relative to the unexhausted claims.

The petitioner's conviction became final on or about June 7, 2007, 90 days after the Louisiana Supreme Court denied review on direct appeal and upon the petitioner's failure to seek further review before the United States Supreme Court. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from that date within which to file his habeas corpus petition in this Court. This one-year period is subject to tolling, however, and any time during which the petitioner had pending a properly filed application for post-conviction relief or other collateral relief in state court would not have counted against this one-year period. 28 U.S.C. § 2244(d)(2).

After the finality of his conviction, the petitioner did not file an application for post-conviction relief in state court (as had been implicitly recommended by the state appellate court in deferring consideration of his claims). Instead, he waited approximately nine (9) months, until March 17, 2008, and then, through his attorney, filed his petition for habeas corpus relief in this Court. In this petition, the petitioner asserted, erroneously, that he had exhausted his state court remedies with respect to all of his claims. Further, the petitioner represented that he planned to "concomitantly" file an application for post-conviction relief in state court, asserting additional unspecified

claims.  In an apparent misunderstanding of the above-related tolling provisions, the petitioner asserted that, because of Louisiana's two-year limitations period applicable to post-conviction relief proceedings in state court, as compared with the one-year limitations period applicable to federal habeas corpus proceedings, he was "compelled" to file and pursue his federal habeas petition at that time.  This is an incorrect conclusion of law.  As above-noted, the petitioner could have filed his state court application for post-conviction relief at any time during the one-year period after finality of his conviction, and so long as that state court application was pending in the Louisiana district or appellate courts, the petitioner's federal habeas claims would have remained tolled and viable and could have been filed thereafter.  The petitioner, however, did not file his state court application within this period.  Nor did he "concomitantly" file a state court post-conviction relief proceeding.  Instead, he waited until September 29, 2008, more than 6 months after the filing of his federal habeas petition and more than 3 months after expiration of the federal limitations period, to even file a motion to stay proceedings herein.  Further, it is clear from the motion itself that the petitioner had not yet filed his state court application for post-conviction relief at that time.  In fact, it appears that the petitioner did not file his state court application until March 23, 2009, approximately a year after institution of this federal habeas proceeding.[1]  Accordingly, the Court can find no justifiable good cause for the petitioner's failure to exhaust state court remedies relative to

---

[1] The pendency of the petitioner's federal habeas corpus application does not toll the running of the one-year limitations period provided in 28 U.S.C. § 2244(d).  Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

his unexhausted claims, and thus, no justifiable basis for a stay of proceedings in this case.

Having concluded that a stay is inappropriate, the Court is obligated, pursuant to Rose v. Lundy, supra, to dismiss the petitioner's mixed application, containing both exhausted and unexhausted claims, because the Court is not allowed to address a mixed habeas application. Id. Notwithstanding, "[where] a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines, supra, 544 U.S. 269. In the instant case, dismissal of the entire petition would prevent the petitioner from pursuing relief on the claims asserted in this proceeding which have been exhausted. Accordingly, the Court finds it appropriate that the petitioner be granted a reasonable period of time within which to amend his petition to delete the unexhausted claims, so that this matter may proceed with respect to those claims which have been exhausted by having been fairly presented to the state courts for consideration. The petitioner should be advised, however, that a failure to appropriately amend the petition within the time allowed may result in the dismissal of the entire petition for failure of the petitioner to exhaust state court remedies with regard to all of his claims.

RECOMMENDATION

It is recommended that the petitioner be granted a period of twenty (20) days from the date that the District Judge acts upon this Report and Recommendation within which to amend his petition to delete those claims which have not been previously presented to the state courts, i.e., the claims that the petitioner's counsel was deficient for (1) coercing him or allowing him to waive his right to a jury trial, (2) failing to show a video or introduce evidence depicting the petitioner's injuries and physical condition following the shooting, and (3) failing to object to the alleged "expert" testimony of Scott Roe regarding the "trigger pull" of the petitioner's weapon.  It is further recommended that this matter be referred back for further proceedings and that the petitioner be advised that a failure to amend the petition within the time allowed may result in the dismissal of the entire petition for failure to exhaust state court remedies with regard to all of the petitioner's claims.

Signed in chambers in Baton Rouge, Louisiana, December 10, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**